LAW OFFICES OF STEPHEN M. MURPHY
STEPHEN M. MURPHY (No. 103768)
P. BOBBY SHUKLA (No. 229736)
353 Sacramento Street, Suite 1140
San Francisco, CA 94111
Tel:    (415) 986-1338
Fax:    (415) 986-1231

Attorneys for Plaintiff
ANDREW VALLA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW VALLA,<br><br>          Plaintiff,<br><br>v.<br><br>AUDIOLOGY SERVICES COMPANY USA, LLC dba ONE RETAIL dba WHISPER HEARING CENTER, INC.<br><br>          Defendant.<br>———————————————————— | ) Case No.<br>)<br>) **COMPLAINT FOR DAMAGES FOR**<br>) **RETALIATION IN VIOLATION OF**<br>) **LABOR CODE SECTION 1102.5**<br>) **AND WRONGFUL TERMINATION IN**<br>) **VIOLATION OF PUBLIC POLICY**<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>) |

1

COMPLAINT FOR DAMAGES

Plaintiff ANDREW VALLA alleges:

## PARTIES AND JURISDICTION

1.     Plaintiff ANDREW VALLA is an individual and at all relevant times mentioned herein was a resident of San Rafael, County of Marin, State of California.

2.     Defendant AUDIOLOGY SERVICES COMPANY USA, LLC dba WHISPER HEARING CENTER, INC. dba ONE RETAIL is a limited liability company with headquarters in the State of New Jersey and incorporated in the State of Delaware.

3.     Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because the plaintiff is a resident of a different state from the defendant and because the value of the matter in controversy exceeds $75,000.

4.     Venue in this district is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions on which the claim is based occurred in the Northern District of California.

## FACTS COMMON TO ALL CAUSES OF ACTION

5.     In 2006, Dr. Valla began working as a clinical audiologist at Whisper Hearing Center, which later changed to One Retail, and is now owned by defendant AUDIOLOGY SERVICES COMPANY USA, LLC. Since that time, and throughout his 20-year career, he has had excellent work performance and has enjoyed a stellar professional reputation within the Bay Area. Dr. Valla also successfully managed three separate offices for the company from 2007 to 2012 after the company grew.

6.     On December 14, 2015, defendant asked all employees to sign a new employment contract by December 18th, four days later. The contract included clauses titled "Non-Solicitation of Customers and Employees" and "Non-Competition (Excluding

2

COMPLAINT FOR DAMAGES

California Employees)." A true and correct copy of the contract is attached hereto as Exhibit A. Upon his review of the contract, Dr. Valla had concerns about its legality. Due to his concerns, he asked for more time to consider the contract further.

7.     On January 5, 2016, the new Director of Operations David Brame called Dr. Valla asking for the signed contract from him. Dr. Valla informed him that he needed more time to review it but would get back to him.

8.     On January 13, 2016, Dr. Valla called the Regional Director Brad Romney and told him that he did not want to sign the new contract on account of the non-competition and non-solicitation clauses which he believed were not legal in California. Romney confirmed that the non-competition clause was unlawful in California and did not address the legality of the non-solicitation clause.

9.     When Dr. Valla asked that the clauses be removed on account of their being unlawful, Romney refused, stating they had to stay in the contract due to employees who stole clients in the past. Romney added that the company wanted to make sure Dr. Valla had a livelihood and that if in the future he decided to leave defendant, they would discuss terms or ways Dr. Valla could still practice before the one-year time period in the contract expired or with regard to the clause in the contract that prohibited Dr. Valla to practice within a 25-mile radius of any location where the company does business. Romney later confirmed with Dr. Valla that Human Resources manager Ed Buonocore and Vice President - West Division Shane Larkin that the company would not remove the clauses from the contract.

10.     On January 20, 2016, Human Resources Manager Ed Buonocore sent an

3

e-mail to Dr. Valla telling him if he did not sign the contract by 5:00 p.m. the next day, he will have "voluntarily resigned." Dr. Valla responded to him that he is not voluntarily resigning.

11.    On January 21, 2016, Dr. Valla spoke to Romney about the contract, reiterating his concerns about it being illegal and asking if there was anything he could do or say to remain employed with the company. Romney told him that he spoke to one of the "top people" in the company and Human Resources and they said if he did not sign, he would be "voluntarily terminated."

12.    When Dr. Valla went to work the next day, he learned that Director of Operations, David Brame had sent an e-mail out to Dr. Valla's team stating that, "I am sad to report that Andy Valla has chosen to no longer be a part of our team. I and the rest of our leadership team certainly appreciate the work he has done and the value he brought to the team. However in the end, he made a decision that he felt was right for him."

13.    Dr. Valla sent an e-mail to Romney, copying Brame, reiterating that he had told him he had not voluntarily resigned and was told that his refusal to sign the non-compete and non-solicitation clauses was the "line in the sand" regarding his employment. Dr. Valla stated that he had not received official notice of his termination and wanted to know if he had already been terminated. Dr. Valla stated he was scheduled to see patients and sought guidance on the status of his employment and how to handle his patient schedule.

14.    Several hours later, Dr. Valla received no response to his e-mail. He then

4

COMPLAINT FOR DAMAGES

sent another e-mail to Romney and Brame again reiterating that he was not voluntarily resigning and stating: "I am simply refusing to sign the non-compete/non-solicit agreement because I believe it is illegal and unlawful under CA Business and Professions Code. I have tried on numerous occasions to negotiate the clauses out of the contract to no avail. At this time I am not comfortable signing a document which is not in alignment with CA State law."

15.     He added that if he was being terminated he wanted confirmation. He further added, "At this time, I am in the office and will serve/treat patients with the same level of professionalism as I have done for the last 20 years of my career as a Doctor of Audiology and would like guidance from you as how to proceed."

16.     Following the e-mail, Buonocore called Dr. Valla telling him that Dr. Valla "was not smarter" than the lawyers who reviewed the contract and that his refusal to sign made the termination voluntary. Buonocore also said he would not give Dr. Valla a letter of termination. He added that the contract was legal and that the company has rules and that Dr. Valla should think about "the repercussions" to the company by his refusal to sign the contract. During the conversation, Buonocore became angry and hostile, threatening to call "the authorities" to have Dr. Valla removed from the premises. Dr. Valla left the premises as requested.

## FIRST CAUSE OF ACTION
### (Retaliation in Violation of Labor Code section 1102.5 )

17.     The allegations set forth in Paragraphs 1 through 16 are re-alleged and incorporated herein by reference.

COMPLAINT FOR DAMAGES

18.     At all times herein mentioned, Labor Code section 1102.5, the California Whistleblower Act, was in full force and effect and was binding upon defendant. This section required defendant to refrain from retaliating against an employee, such as plaintiff, for having exercised his rights under the statute.

19.     Dr. Valla reported illegal provisions on non-competition - California Business and Professions Code section 16600 -, and non-solicitation - *Thompson v. Impaxx, Inc.* (2003) 113 Cal.App.4th 1425, 1427, citing *Moss v. Adams & Co. v. Shilling* (1986) 179 Cal.App.3d 124, 129 -; contained in an employment contract that he was asked to sign or lose his job. Defendant retaliated against plaintiff for his report and refusal to sign by terminating his employment in violation of California Labor Code section 1102.5.

20.     As a proximate result of defendant's conduct, plaintiff has sustained and continues to sustain losses in earnings and other employment benefits.

21.     As a proximate result of defendant's conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental pain and anguish, all to his damage in a sum according to proof.

22.     In light of defendant's wilful, knowing and intentional retaliation against plaintiff, plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

23.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of said expenses and fees

COMPLAINT FOR DAMAGES

1 and prays leave of court to amend this complaint when said amounts are more fully
2 known.

3                          **SECOND CAUSE OF ACTION**
4                 **(Wrongful Termination in Violation of Public Policy)**

5        24.    The allegations of Paragraphs 1 through 23 are realleged and
6 incorporated herein by reference.

7        25.    At all times herein mentioned, Labor Code section 1102.5 was in full force
8 and effect and was binding on defendant and prohibited defendant from disciplining or
9 terminating an employee, such as plaintiff, based on his exercise of his rights under the
10 statute.
11

12       26.    At all relevant times in this complaint, Business and Professions Code
13 Section 16600 was in full force and effect and binding on defendant and prohibited
14 defendant from terminating an employee, such as plaintiff, based on his exercise of his
15 rights under the statute. California Business and Professions Code section 16600
16 states, in relevant part, that "every contract by which anyone is restrained from
17 engaging in a lawful profession, trade, or business of any kind is to that extent void."

18       27.    Defendant violated the public policy of the State of California, as set forth
19 in the statutes referenced above, by terminating plaintiff's employment based on his
20 reporting and refusal to sign an unlawful contract.
21

22       28.    As a proximate result of defendant's willful, knowing and intentional
23 conduct, plaintiff has sustained and continues to sustain losses in earnings and other
24 employment benefits.

25

26
                                      **7**
                          COMPLAINT FOR DAMAGES

29.     As a further proximate result of defendant's willful, knowing and intentional conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental pain and anguish, all to his damage in a sum according to proof.

30.     In light of defendant's wrongful, knowing and intentional termination of plaintiff, plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment against defendant as follows:

1.     For compensatory damages including lost wages and employee benefits; medical and psychological expenses, and other such damages according to proof;

2.     For general damages for emotional distress, humiliation, and mental anguish;

3.     For punitive damages;

4.     For interest, including prejudgment interest at the legal rate;

5.     For costs of suit incurred herein;

6.     For attorneys' fees; and

7.     For such other and further relief as this Court deems just and proper.

Dated: November 14 , 2016               LAW OFFICES OF STEPHEN M. MURPHY

By:/s/Stephen M. Murphy
STEPHEN M. MURPHY
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES